DANIEL BEALE *versus* WILLIAM KNOWLES.

The husband has a life estate in the real property of the wife acquired prior to the statute of 1844, which may be taken in execution for his debts.

Simultaneously with her acquisition of title to the estate, the rights of her husband therein, were perfected; and their rights remain unaffected by the subsequent statutes securing to married women their rights of property.

The deed of a married woman of her real estate acquired prior to the enactment of the statute of 1844, is void, if the husband did not join her in the conveyance.

WRIT OF ENTRY. The material facts in the case as agreed upon, appear in the opinion of the Court.

*J. H. Webster*, argued for plaintiff, and

*B. Adams*, for defendant.

The opinion of the Court was drawn up by

HATHAWAY, J. — A writ of entry to recover a lot of land, upon which, April 30, 1855, the demandant duly levied his execution against Nathaniel D. Richardson, as his estate.

Richardson and Clarissa, his wife, were married in the summer of 1842, and are now living. In October, 1842, William King conveyed the demanded premises to Richardson's wife, and she, by her deeds of Oct. 21, 1846, and of March 12, 1853, in which deeds her husband did not join her, conveyed the same premises; under which deeds from her, through mesne conveyances, the tenant derives his title. When William King conveyed the land to the wife, her husband acquired therein a life estate. He became seized of the freehold, the usufruct was his during their joint lives. He had a lawful right to sell and convey his life estate. It was liable to be taken in execution for his debts. *Litchfield* v. *Cudworth*, 15 Pick. 23. The life estate was the husband's freehold. The inheritance belonged to the wife. Such was the law when Clarissa Richardson received her deed from William King, and her husband's rights therein were perfected simultaneously with hers, and those rights are not affected

by the provisions of the statute of 1844, c. 117, entitled "an Act to secure to married women their rights of property," nor by the subsequent additional and amendatory statutes upon that subject, which were all enacted after the rights of Richardson and his wife, in the demanded premises, had been established under the laws existing at the date of William King's deed to her. And, besides, her deed of Oct. 21, 1846, was void, because, being a married woman, she had no power at that time, in such case, to convey her land separate from her husband; and the statute of 1852, c. 227, only authorized the wife's separate deed of estates acquired subsequent to the Act of 1844, c. 117. Hence, her deed of March 12, 1853, being a deed of real estate acquired previous to 1844, was unauthorized by the statute, and therefore void.

The statute of February 12, 1855, c. 120, provided that, "any married woman seized and possessed in her own right of any real estate situated within this State, (might) sell, convey and dispose of the same by her separate deed in her own name," and that "no *action* shall be maintained by the husband of any such married woman, or by any person claiming under or through him, for the possession or value of any property *held* or disposed of by her, as aforesaid," and the defendant's counsel insists that this action is thereby prohibited.

The deeds of the wife being inoperative, as before stated, the tenant shows no title. But, the tenant being in possession, the demandant cannot disturb him, unless he shows title, in himself, and *this* he has done. The demandant shows title by his levy, to the husband's life estate. The wife did not *hold* it; she was not " seized and possessed " of her husband's life estate, his freehold, of which he was seized. She could not join him in a suit for an injury to the profits of the land. 2 Kent's Com. 131. If he had sold and conveyed it, she could not lawfully enter or interrupt his grantee's possession during her husband's life. *Mellus* v. *Snowman,* 21 Maine, 201.

*Tenant defaulted.*

TENNEY, C. J., RICE, APPLETON, MAY, and DAVIS, J. J., concurred.